IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:10CV15-01-MU

| | |
|---|---|
| JAMES L. MORRISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| TIM KERELY, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court for initial review upon Plaintiff's Complaint pursuant to 42 U.S.C. § 1983, filed February 17, 2006.

In his Complaint Plaintiff alleges that on January 3, 2010, he went to the office to ask if the heat could be turned up in his cell block. Plaintiff alleges that Defendants Self, Worth, and Wyke, all prison guards, were in the office. Plaintiff states that the guards admitted it was cold in that cell block and then Defendant Self stated that he was giving Plaintiff and other inmates permission to get into bed with another inmate to keep warm. Plaintiff states that all the Defendants started laughing after this comment.

In order to state a claim under 42 U.S.C. § 1983, a Plaintiff must establish that one of his constitutional rights or federal statutory rights was violated by a person acting under the color of state law. 42 U.S.C. § 1983. A review of the facts alleged by Plaintiff reveals that he simply does not allege facts sufficient to set forth a violation of any of his constitutional rights. It is well settled that verbal abuse, without more, does not violate a prisoner's constitutional rights. See Siglar v.

Hightower, 112 F.3d 191, 193 (5th Cir. 1997)(verbal abuse by a prison guard does not give rise to a cause of action under § 1983); Johnson v. Medford, 208 F. Supp. 2d 590, 592-93 (W.D.N.C. 2002)(peeping through an inmates window and making obscene gestures is insufficient to state a claim absent allegation of physical injury), aff'd, 37 Fed. App'x 622 (4th Cir. 2002); Morrison v. Martin, 755 F. Supp. 683, 687 (E.D.N.C.), aff'd, 917 F.2d 1302 (4th Cir. 1990)(subjection of a prisoner to verbal abuse or profanity does not rise to the level of a constitutional violation). Because Plaintiff has failed to allege any constitutional violation, the Court will dismiss Plaintiff's Complaint.

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2).

Signed: February 19, 2010

Graham C. Mullen
United States District Judge